UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | Case No.: 15-CV-02289 (MDL No. 13-2441 (DWF/FLN)) |
| This Document Relates to:<br><br>EDWIN L. KINARD,<br><br>        Plaintiff,<br><br>vs.<br><br>HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS, STRYKER CORP., STRYKER SALES CORPORATION and STRYKER IRELAND LIMITED,<br><br>        Defendants. | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiff, Edwin L. Kinard, states and brings this civil action in MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #10 dated January 23, 2014 of this Court.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Edwin L. Kinard, is a resident and citizen of the State of Alabama and claims damages as set forth below.

3. Plaintiff's Spouse, Angela Kinard, is a resident and citizen of the State of Alabama and claims damages as set forth below.

4.     Venue of this case is appropriate in the United States District Court, <u>for the Middle</u> District of <u>Alabama, Eastern Division</u>. Plaintiff states that but for the Order permitting directly filing into the District of Minnesota pursuant to Pretrial Order No. 4, Plaintiff would have filed in the United States District Court, <u>for the Middle</u> District of <u>Alabama, Eastern Division</u>. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5.     Plaintiff brings this action on behalf of himself;

## FACTUAL ALLEGATIONS

~~Allegations as to **Right-Side** Implant/Explant Surgery(ies):   *[Cross out if not applicable]*~~

~~6.     Plaintiff was implanted with a Rejuvenate / ABG II *(cross out the one that is inapplicable)* Modular hip stem on his/her right hip on or about ___ (date), at the _____ (medical center and address), in ___, by Dr. _____. *[Cross out if not applicable.]*~~

~~7.     Plaintiff had the right hip stem at issue explanted on _____, at _____ (medical center and address) by Dr. _____.   *[Cross out if not applicable.]*~~

~~8.     Plaintiff will have the right hip stem at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____. *[Cross out if not applicable.]*~~

~~9.     Plaintiff has not yet scheduled a surgery for explantation of the right hip stem at issue. *[Cross out if not applicable.]*~~

-2-

Allegations as to **Left-Side** Implant/Explant Surgery(ies):

10. Plaintiff was implanted with a Rejuvenate Modular hip stem on his left hip on or about September 27, 2010, at the Jack Hughston Memorial Hospital, 4401 River Chase Drive, in Phenix City, Alabama, by Dr. Fred C. Flandry.

11. Plaintiff had the left hip stem at issue explanted on April 2, 2015, at the St. Francis Hospital, 2122 Manchester Expressway, in Columbus, Georgia, by Dr. George W. Zimmerman.

~~12. Plaintiff will have the left hip stem at issue explanted on or about ___, at ___ _____ (medical center and address) by Dr. ___.[Cross out if not applicable.]~~

~~13. Plaintiff has not yet scheduled a surgery for explantation of the left hip implant at issue.   [Cross out if not applicable.]~~

## **ALLEGATIONS AS TO INJURIES**

14. (a) Plaintiff claims damages as a result of (check all that are applicable):

| | |
|---|---|
| __X__ | INJURY TO HERSELF/HIMSELF |
| _____ | INJURY TO THE PERSON REPRESENTED |
| _____ | WRONGFUL DEATH |
| _____ | SURVIVORSHIP ACTION |
| __X__ | ECONOMIC LOSS |

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable):   *[Cross out if not applicable.]*

| | |
|---|---|
| __X__ | LOSS OF SERVICES |
| __X__ | LOSS OF CONSORTIUM |

15. Plaintiff has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

16. Plaintiff has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

17. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

18. Plaintiff could not have known that the injuries he suffered were as a result of a defect in the Device(s) at issue until after the date the Device was recalled from the market and the Plaintiff came to learn of the recall.

19. In addition, Plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

20. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

  __X__    COUNT I - NEGLIGENCE;

  __X__    COUNT II - NEGLIGENCE PER SE;

   __X__        COUNT III - STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN;

   __X__        COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

   __X__        COUNT V - STRICT PRODUCTS LIABILITY – FAILURE TO WARN;

   __X__        COUNT VI - BREACH OF EXPRESS WARRANTY;

   __X__        COUNT VII - BREACH OF WARRANTY AS TO MERCHANTABILITY;

   __X__        COUNT VIII - BREACH OF IMPLIED WARRANTIES;

   _____        COUNT IX - VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, CONSUMER PROTECTION, MERCHANDISING PRACTICES AND FALSE ADVERTISING ACTS

   __X__        COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

   __X__        COUNT XI - NEGLIGENT MISREPRESENTATION

   __X__        COUNT XII - LOSS OF CONSORTIUM

   _____        COUNT XIII – UNJUST ENRICHMENT

   _____        COUNT XIV – WRONGFUL DEATH

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

<u>Alabama Extended Manufacturers Liability Doctrine, Alabama Code § 6-5-500 *et seq.*;</u>

<u>Alabama Deceptive Trade Practices Act (ADTPA), Alabama Code § 8-19-1 *et seq.*</u>

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: <u>May 1, 2015</u>   Respectfully submitted,

By:   /s/ Kyle J. Nutt
**KYLE J. NUTT**
N.C. State Bar No.: 43469
**SHIPMAN & WRIGHT, L.L.P.**
575 Military Cutoff Road, Suite 106
Wilmington, NC  28405
Telephone: (910) 762-1990
Fax:  (910) 762-6752
Email: knutt@shipmanlaw.com